## Pauline V. Fish v. Adelia M. Ryan.

1. INSTRUCTIONS—*Erroneous, But Not Cause for Reversal.*—Where an instruction in an action for rent, which tells the jury there could be no recovery under a certain count, is erroneous, it should not reverse the judgment, where the plaintiff was clearly entitled to recover under that count after the termination of the lease and until the surrender.

**Assumpsit,** for rent. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the October term, 1899. Affirmed on remittitur. Opinion filed May 10, 1900. Remittitur filed May 14, 1900.

A. N. TAGERT, attorney for appellant.

D. RYAN TWOMEY and M. B. GEARON, attorneys for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellee sued appellant in assumpsit to recover for rent of certain demised premises for January and February, 1894, and on a trial before the court and jury recovered a verdict and judgment thereon for $250, from which this appeal is taken.

The original declaration consisted of the common counts, to which appellant interposed, first, a plea of the general issue; second, that as to the rent for February, she was dispossessed of the premises in question by the plaintiff for that month; third, that as to the rent for February, defendant surrendered the premises on demand of plaintiff during that month, and the plaintiff accepted the same; fourth, that for non-payment of rent plaintiff terminated the tenancy on February 19th, under a five-day notice, and that during the month the defendant surrendered to the plaintiff the possession of the premises, pursuant to a judgment in forcible detainer; fifth, that plaintiff, by violent and abusive language, threatened to dispossess defendant in the presence of her tenants, by reason of which the tenants refused to pay defendant their rent, and by reason thereof defendant

surrendered the premises to plaintiff during the month of February, 1894; sixth, set-off for work and services by defendant for plaintiff, at her request, money received, etc.; and, seventh, as to the January rent, a former recovery before a justice of the peace.

The plaintiff thereafter filed an amended declaration containing a special count upon the lease in question, for rent of January and February, 1894, and a count for use and occupation for the same months.

All the aforesaid pleas were ordered to stand to the amended declaration, and the defendant filed a further plea to the first count of the amended declaration, setting up a judgment in favor of defendant, which it was alleged was recovered in a suit by plaintiff against this appellant upon the same cause of action set forth in said first count of the amended declaration. Issues were formed on all the pleas, but on the trial there was no evidence which sustained any of the special pleas, except as hereinafter referred to, nor which presented any defense to the action.

The evidence on behalf of plaintiff consisted of a lease from appellee to appellant of a three-story and basement brick house from October 1, 1892, to April 30, 1894, the rent reserved for the months in question being at the rate of $100 per month, payable in advance upon the first day of each month during the term. The lease contains a provision that the lessee has examined the premises and has received them in good repair, and will keep the same in repair during the term of the lease, and a further provision that the lessor shall not be liable for any damage caused by a failure to keep the premises in repair. Also that the premises were occupied by appellant and her tenants during January and February, 1894.

. The plaintiff's claim was for the months of January and February, 1894, and interest thereon, both under the terms of the lease and for use and occupation during those months. This evidence made a *prima facie* case.

· Appellant offered evidence tending to show that the plumbing in the house was represented by the agent of

appellee to appellant, before she signed the lease, as being in good order and condition, whereas the fact was to the contrary, and that appellant suffered damages by reason of the plumbing not being in good order, which evidence, on objection, was excluded by the court.

We think the evidence was properly excluded, for the reason that it tended to contradict the terms of the lease above recited, and moreover, there was no pleading under which the evidence was competent.

There was also evidence offered by appellant to the effect, in substance, that certain of appellant's roomers and lodgers or tenants in the building left and refused to pay their rent because of loud and boisterous language on the part of appellee toward appellant with regard to the payment of rent, and also because appellee demanded that said tenants pay their rent to appellee instead of to appellant, which was excluded.

We think this evidence was properly excluded, because it presented no defense to the action. That appellee used loud and boisterous language in the building on the leased premises in talking to appellant, was testified to and considered by the jury, in so far as it was material on the question of the surrender of the demised premises. As to that defense, we think it was immaterial that appellant's tenants or lodgers left because of the loud and boisterous language.

In this connection it is complained that the remarks of the court made to certain of the witnesses was calculated to prejudice the jury. The complaint is not without foundation. A witness, Miss Levy, having testified that she heard a conversation by appellee in appellant's premises "in a loud and boisterous tone of voice," and likened it "to the roar of something," the court interposed, saying, "like the roar of a lion?" And again, after several questions to and answers of the witness thereto, the court again interposed, so far as the record shows without any reason, and asked the witness: "Have you ever heard a lion roar?" And again, the witness having been examined with reference to

the odor of sewer gas, after several questions and answers on that subject, she was asked, " Do you or do you not know the odor of sewer gas ?" to which she answered, " I live in Chicago; I do." Whereupon the court asked, " Do you know the odor of a roaring lion ?"

During the examination of another witness counsel asked him as to the general condition of the house on the leased premises, the structure of the building, as to being heavy or light side-walls. An objection to the evidence was sustained, and counsel then offered to show by the witness that the walls of the building were light, and that the plumbing had been in over twenty-five years, whereupon the court asked (whether of the witness or of counsel does not appear from the record), " Did the roaring of the lion blow out the walls ?" Exceptions to the last two questions of the court were preserved by counsel for appellant. We are unable from the record to ascertain that there was any justification whatever, either in the language or conduct of the witnesses or counsel, for the questions asked by the court, and we are unable to conceive that there could have been any reason for such language by a trial judge presiding in a court of justice. To say the least it was calculated to prejudice the minds of the jury as to the defense sought to be proven, as well as to ridicule the witnesses, who were entitled to considerate and respectful treatment from the court. The learned trial judge certainly did not intend to be disrespectful to the witnesses or to prejudice appellant's case before the jury, but we are of opinion that the language was such that it could not have well received any other construction from the witnesses and the jury. Courts should avoid all remarks in the presence and hearing of the jury which may have a tendency to improperly influence their verdict, and witnesses should not be the subject of the court's ridicule, at least while giving their evidence.

Appellant offered in evidence the pleadings and record of a certain judgment in the Superior Court of Cook County, brought by appellee against appellant, which, it is claimed, tended to support the special plea of former adjudication to

the first count of the amended declaration. They were excluded by the court. An examination of the declaration so offered shows that it was for an entirely different cause of action from the one in the suit at bar. None of these documents tended to support the plea, and were properly excluded.

Counsel for appellant also offered in evidence a transcript of certain proceedings before a justice of the peace, brought by appellee against appellant in forcible detainer, for recovery of possession of the premises in question, and showing a judgment before a justice in that case in favor of appellee and against appellant, on February 27, 1894, for such possession, and also showing the complaint in forcible detainer, and a five-day notice by appellee to appellant to the effect that unless the latter's rent for said premises, amounting to the sum of $200, should be paid on or before February 19, 1894, appellant's lease for said premises would be terminated. Appellant's counsel also offered in evidence a transcript of proceedings before a justice of the peace, showing the commencement of a suit before said justice by appellee against appellant on January 2, 1894, and a judgment therein of $180 and costs of suit, in favor of appellee and against appellant, which had been satisfied in full. These documents were all excluded by the court, and we think properly so, as to the justice proceeding begun January 2, 1894, as the rent recovered in that suit was not for January, 1894.

The proceedings in forcible detainer, while it may be said they showed a termination of the lease on the 19th day of February, 1894, that termination was only for the purpose of suing for the possession of the premises. The other evidence shows that possession was not yielded by appellant until the 26th day of February, 1894. By the terms of the lease, the February rent was payable on the 1st day of February, and while we think this evidence was admissible as tending to show a defense under the first count of the amended declaration, after February 19, 1894, it did not show any defense to the second count, which was for use and occupation after the termination of the lease (2 Taylor's L.

& T., 8th Ed., Sec. 640, notes 3 and 10, and cases there cited), and the error should not be held as cause for reversal, provided a remittitur is entered for the extra two days in February that appellee had possession. She was certainly entitled to recover under the terms of the lease until it was terminated, and for use and occupation for the remaining seven days in February thereafter, during which she had possession, with interest. We think the jury were justified in allowing interest for unreasonable delay in payment under the statute.

All instructions asked by appellant were refused, and we think properly so. It seems unnecessary to set out the instructions, none of which were proper under the evidence and issues in the case.

The court instructed the jury that there could be no recovery under the second count of the amended declaration, which was for use and occupation. This, we think, was error, but it should not reverse the cause, as plaintiff was clearly entitled to recover under that count after the termination of the lease and until the surrender. 1 Chitty's Pldgs., star, p. 482, and Taylor's L. & T., *supra;* 1 Shinn's Pldgs. & Pr., Secs. 78 and 80; 2 Woodfall's Landlord & T., Sec. 535 *et seq.;* Keegan v. Kinnare, 123 Ill. 288.

If appellee remits the sum of $8 from the judgment it will be affirmed for the sum of $242, otherwise the judgment will be reversed and the cause remanded. The appellee will pay the costs of this appeal.